Cleaning Products IC Incorporated et al. v. SCA Tissue of North America Council, let's let the courtroom clear before you start. You may proceed. Thank you, Your Honor. Good morning, Your Honors. You may please report. I'm Attorney Miguel Arangel for the Plaintiff Appellants Quality Cleaning Products and Rafael Correa. This is basically a claim for impairment of a Law 75 breach of distribution contract. Basically what we are contending is that a certain act incurred by the defendant's SCA caused an impairment to our distribution contract. And we state out in the complaint several damages and losses that resulted from that. The crux of this appeal is basically that the district court, whether the district court was correct in dismissing our claim, our case, pursuant to a rule, a motion to dismiss styled as a Rule 12.36. Well, it's an interpretation of Law 75 and the statute of limitations. Correct. Actually, more specifically, and I was getting to that, is that was the court correct in the way it dismissed based on the contention that the complaint is time barred? I think that at this point a very important distinction should be made. When SCA filed their motion to dismiss, their main contention was that the plain letter of the prescriptive language contained in Law 75 dictates that the termination period for the claim is three years from the reckoning of the act or the termination of the contract. The district court, although dismissed the claim because it was time barred, didn't use that foundation or those grounds. What the district court basically said was that, yes, it is a three-year period, but basically it imputed actual or constructive knowledge of the injury itself and who caused it on the date that we claimed the acts began. I didn't read the court decision that way of imputing knowledge. I just read it as saying, look, it's a flat rule. Once the injury occurs, you've got three years from the event. Well, actually, I disagree, Your Honor, because what the court actually wrote out in its order, and it's a dismissal order, is that QCP knew that the events occurred as of 2009. So that is basically a constructive imputation of knowledge of the injury as of 2001. But suppose the law is that knowledge doesn't matter one way or the other, then we'd have to affirm the district court opinion, correct? No, I don't think so. Well, actually, that's what SCA is saying. SCA is that the Law 75 is not a knowledge statute. But what we're saying is under federal law, which governs and preempts what state law dictates in this sense in the issue of time barring, federal law goes to knowledge of injury. But the federal law has to apply the state statute of limitations. Why would we be doing anything other than interpreting the accrual date under Law 75? I'm sorry, I didn't understand your question. Okay, you're suggesting that regardless of what Law 75 says, the question of the accrual date, which involves the question of do you have to know, is a question of federal law. But I don't see why. This court has indicated on more than one occasion that although state law dictates what the time is going to be, what the period is going to be, the issue of accrual is a federal issue. Yes, that's true. And we use that in civil rights cases all of the time. But isn't this a diversity action based on state law claims? This is a diversity action based on state law claims, but I don't read any, I haven't encountered any federal precedent which would negate the issue that accrual is still a federal issue. Okay, even if that's so, don't we have to look at Law 75? Are you saying this issue is not controlled by Law 75? The issue of accrual is not, that's our position, is not controlled by Law 75. And that federal law always then involves knowledge. Under federal law, under the knowledge of injury rule, also known as, I believe it's also mentioned as the discovery rule, that exception to the basic norm that the injury actually dictates when the accrual period is going to start, this is an exception and basically it's under federal law that governs. The cases you cite are 1983 actions, they're federal causes of action. State causes of action that we've heard in diversity, we look to the state law. Yes, but I also cite, actually I believe I cite a case penned by Judge Thompson, I believe, a 2012 case, where, actually I haven't cited it, I came across it actually. Okay, then a Rule 28J letter by tomorrow, please. You're going to cite it. Yes, yes, but actually the case is Randall v. Laconia, actually. And that case goes to another one, which is another case of Donahue v. U.S., and also I can include in the 28J, where basically what this court has been saying is that, you know, the state has a right to decide. A plethora of cases that are not necessarily, I think the Donahue case is a bed mount case, where the issue of accrual under federal law has been applied. I'm not sure if I'm answering your question, Judge Howard, but I believe that's what I'm getting at. Is the city of Laconia case a 1983 action? If I recall correctly, I don't think that it is. Oh, but it was a federal case, a federal cause of action, wasn't it? No, I think it was under a New Hampshire law. Actually, the court, if I'm remembering the case correctly, what Judge Thompson said actually was, although we are going to the New Hampshire law, when it comes to the issue of accrual, we look to federal law to govern. I believe that was the reasoning. Okay, all right, thank you. I can see that it would be pertinent. And actually there's an entire body of... This is what, federal common law? I'm sorry? What's the source of the federal law? Federal common law? In the Laconia case? No, for your proposition that in any case in federal court, a discovery rule applies to an accrual date. Yeah, I believe, yes, federal common law. Okay, do you want to make an argument about Law 75? Suppose we think it's important. That, okay, well, actually then that goes to the reason why we originally opposed the dismissal. When SCA filed their opposition, they filed their opposition, like I said, on the plain letter of the prescriptive language of Law 75. What then we did was we argued that that language is not neatly applicable to law 75. To this case, because in our interpretation and understanding of the prescriptive language, that merely considers incidences or the context in which the action or the detriment or the detrimental act is a one-time event. This case is distinguishable. This is a case where the acts of impairment are ongoing. So when you look at the language or the prescriptive language of Law 75, it just goes to a one-time event, either the termination of the contract or one act that impairs the contract. Our case is very different, because what we're alleging is that it is a series or ongoing acts that continue to impair our contract, and that's why we invoke the continuing violations doctrine. As an equitable defense or an equitable relief against the prescriptive period. Okay, let me be sure I understand. When that argument is made, and we've heard it often, there are two variations on it. One is, therefore, it is timely going back to the period when the event first happened. The other is, no, but it is timely for all claims within the three-year period. Are you following? Yeah, I believe the distinction that the courts have made is whether it's a serial under the serial modality or a systemic modality. Yeah, those labels are very often used. At the risk of sounding too complacent, or too self-serving, rather, it depends on how you view the instances that we are alleging are acts of impairment. If they are viewed under the purview that each one is a distinct separate act which gives rise to its own cause of action, well, then it's the serial modality which applies. But if it's a policy or a common practice that goes on through a specific span or a specific period, meaning that the injury and the effects go on, well, then we're talking of systemic. So it depends on which one we're talking about. In our view, they might both apply, but it depends on how we look at each instance that we are alleging are an act of impairment. Which is it from your point of view? Both. If I'm honest with you, Judge, it's both.  At this stage, I have to say both because it can be construed either way. They can be construed either as independent acts, each one giving rise to its own cause of action, or they can be construed as a policy that causes a detrimental act. Okay, thank you. Good morning. May it please the Court. My name is Attorney Alejandro Cepeda. I will be arguing on behalf of APLEE SCA Tissue North America. There are two main issues that I would like to discuss today in my short time. The first is the time when the cause of action for impairment under Law 75 accrues. And based on the plain language of the statute, I would submit to you that it runs from the time of the act of the impairment, regardless of the knowledge by the dealer. The second issue is whether Law 75 or a Law 75 claim can be told or its accrual delayed by the equitable theories proposed by QCP. And these are both state law interpretations of Law 75, correct? Okay. Now, I submit to you that the answer is no. Such theories are incompatible with the plain language of the statute and with the provisions of the Commerce Code, which aims to promote diligence and expediency in commercial matters. Now, under the plain language of Law 75, a cause of action for impairment accrues, and I quote, on the date of the performing of the detrimental acts. There is no room for interpretation. The language is clear, unambiguous, and under Puerto Rico law and precedent from this Court, it must be strictly construed. Now, so what act of diligence could the plaintiff have engaged in that would have allowed him to know that you were making a deal with another company at a discounted rate? Well, Your Honor, QCP is a distributor for SCA, which means that it has a duty to create and expand the market for SCA products and services. And I think there's a reasonable assumption that it knew or it should have known 2001 or shortly thereafter that Bunzel, which is the other company that SCA is a redistributor, was also selling the same products in the market. In spite of the express terms of your contract with it, it should have known that you were engaging in practices with another company that was selling the same products. And we believe the diligence required would have been to just simply ask. They could have gone to SCA and asked, is Bunzel getting better pricing than I am, are they getting discounts, are they getting commissions? But there's no allegation in the complaint that they made that question or that they asked anybody or that they did anything to find out if Bunzel was, in fact, getting better pricing. What about the issue of, therefore, are all claims barred or is the barring just of claims preceding three years? I believe that it's all claims. Okay, you see, that's not a necessary implication, to use your argument, from the plain language of this case. It's a matter of the statute, agreed? Or do you disagree with that? Agreed. So if they were to file suit and say, well, we've suffered damages from the sales within the last three years, that would likely be timely under Law 75? But the question then would be, what is the impairment? Yes, there may be no impairment, there may be no damages, but the claim would be timely. Exactly, so we believe that the impairment would be the agreement in 2001. When SCA went to Bunzel and said, you're going to be my redistributor, you're going to get a commission on all sales of the products. Everything after that is simply performance of the same contract. If that theory is adopted, then a cause of action under Law 75 would exist forever. As long as SCA is doing business through Bunzel and it is giving commissions through Bunzel, SCA could file, or QCP could file another complaint. And yet another complaint seeking more and more damages for all the time that the contract is in existence. It would be limited by the time the contract was in existence. Right. Is there any Puerto Rican Supreme Court precedent on any of these issues? Not clearly on point. There is your argument about the commercial code. Right. There's a case, the Pacheco case, from the Supreme Court in 88, which does say that the Law 75 claims are governed by the Commerce Code, which has shorter limitations, barriers, and stricter tolling provisions. But there is nothing clearly on point that will clear this issue. One of the arguments they make is, well, we have our sort of common law breach of contract action in any event. And as I understand your reply, it is that Law 75, the limitation period in Law 75, is that there is no breach of contract. And Law 75 necessarily then becomes a limitation period for any breach of contract action, because Law 75 essentially has preempted the common law. That was decided by this Court in the year 2000, I believe, in the basic control case. Okay. So there's no issue there. That issue is settled. Okay. So going back to my argument. Are any of you asking us to certify the question to the Puerto Rican Supreme Court? Which question would that be? Interpretation of Law 75. I don't think it is. I think the only issue here is an interpretation of, or the main issue here would be the interpretation of what is the act of impairment. And that is clearly alleged in the complaint. What do you want us to certify then? I wouldn't. Who knows what happens then. According to the allegations in QCP's complaint, the detrimental acts going by our interpretation that it was the contract in 2001, it is clearly alleged in the complaint that these acts, or this contract is clearly alleged in the complaint. This agreement took place in 2001. Thus, the district court did not have to look outside of the four corners of the complaint or convert the motion into summary judgment in order to determine this fact. If this is the impairment, then they had to file in 2001. Or within three years of 2001. They did not do it. They waited more than 11 years, and their claim is simply too late. Now QCP wants the court to ignore the clear language of Law 75 and apply instead federal common law, which would have its cause of action accrue upon its knowledge of the impairment. Nevertheless, QCP has not identified, at least in its briefs, a single case where a federal court has chosen to ignore the clear language in a state statute and apply instead federal accrual principles. These federal principles have been applied for statutes which do not establish a clear accrual date. Like in Section 1983, it doesn't have an accrual date. It borrows its statute of limitations from state law. But when a claim is asserted under a statute which contains its own accrual provision, such as Law 75, the courts do not need to look beyond its text. In this case, under the clear text of Law 75, this claim accrued when the detrimental act was performed in 2001. Now QCP relies on the discovery rule and the continuing violation rule. But I submit to you that these two doctrines are simply not compatible with the Commerce Code. Under the discovery rule, the claim would accrue when the plaintiff knew or should have known of the impairment. But this is clearly incompatible with the language in Law 75, which states that the claim accrues upon the performing of the acts. If I can give an example, if you go to the Civil Code, Article 1858, which sets the accrual for tort claims, that one specifically states that it accrues upon the performing of the acts. And I quote, from the time the aggrieved person has knowledge thereof. We believe that this difference in the language suggests that the legislature intended to treat Law 75 claims differently and more restrictively by removing the dealer's knowledge from the equation. Equally, with the continuing violation theory, if their interpretation is adopted, the claim would simply exist forever. It would never, as long as there's a relationship between the SCA and Bunsell, it would never toll or would never expire. Time is almost up, unless the Court has any further questions. Do we have any questions? No. Thank you. I think this would be a wonderful problem for a federal jurisdiction casebook. And about the interaction between federal and state law. You've both done very well in elucidating your positions. Thank you.